UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENAN ZAAL,

            Plaintiff,

            Case No. 25-cv-1927-pp

v.

LAB CORP OF AMERICA HOLDINGS,

            Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 3), SCREENING COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      On December 8, 2025, the plaintiff—representing herself—filed a complaint alleging that her former employer, Lab. Corp. of America Holdings, wrongfully terminated her employment. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 3. The court will grant the plaintiff's motion to proceed without prepaying the filing fee, but will dismiss the plaintiff's complaint because it does not state a claim for which a federal court may grant relief and will deny as moot the plaintiff's motion to appoint counsel.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

      An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff avers that she is unmarried with no dependents. Dkt. No. 2 at 1. She avers that she is unemployed. Id. at 2. The plaintiff avers that she has no income aside from $715 a month in rental assistance and that her only expense is her $715 per month in rent (which she pays with the rent assistance). Id. The plaintiff does not list assets of any kind.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant her motion for leave to proceed without doing so. The court advises the plaintiff, however, that she still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to prepay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). The plaintiff must pay the filing fee over time, as she is able.

## II.     Screening the Complaint (Dkt. No. 1)

### A.     Legal Standard

The court must decide whether the complaint alleges claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure

8(a)(2). The court must accept as true the factual allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States *ex rel.* v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff is representing herself, the court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B.    Facts Alleged in the Complaint (Dkt. No. 1)

The plaintiff names as a defendant Lab. Corp. of American Holdings, stating in the caption of the complaint that the defendant is located at 338 South Main Street, Second Floor, Burlington, North Carolina 27215. Id. at 1. But in the section of the complaint where she is asked to identify the defendant, she asserts that the defendant is a citizen of Wisconsin and resides in Milwaukee. Id. at 2. An Internet search reveals that a company called Labcorp has its headquarters in Burlington, North Carolina (although at a different address); it lists six Milwaukee locations. https://labcorp.com.

The complaint alleges the following:

> Following a job loss I (Henan) went to a hearing office and got a letter from the Wisconsin Department of Workforce Department. We exchange letters. There are untrue allegations/charges and "do not hire" notices in my HR file. The letter states that I am not at fault

3

and did not violate a policy. At the time of termination, the employer (Lab Corp) cited a misconduct issue, which was found invalid by the Wisconsin Department of Workforce Development. I and a coworker I brought with me who was also terminated. I and a coworker of mine suffered heart problems following these terminations. I and my coworker was fired for no reason. I was also removed as a patient at Ascension Hospital because of this and wants to be able to return back. I want the holds and the accusations to be removed, so I am at least able to apply at different or same locations within the same companies. I never had possession of the form that I was alleged to falsified or had any access to them. All communication was done between Ascension where my doctor works and Reed group who handles FMLA claims. I never signed it, not sure who did. I was wrongfully accused and terminated from my job, and a patient at the clinic, and would like to be a patient back to my clinic and not be moved as a patient because of these falsely accused allegations.

> Hearing office paperwork (attached) showing there was no evidence that I committed such a thing, and would like these accusations and charges to be dropped and do-not-rehire hold to be removed, so I can apply to other Lab Corps. I would also like to be a patient of Ascencion Family's Health Center and not be discharge from the practice because of untrue accusation.

Dkt. No. 1 at 2-3.

In the section titled "Jurisdiction," the plaintiff marked the box next to "I am suing for a violation of federal law under 28 U.S.C. § 1331." Id. at 4. In the section titled "Relief Wanted," the plaintiff says she'd like the accusations and charges to be "dropped" from her termination file at Labcorp and the "do-not-rehire hold to be removed." Id. She also says that she'd like to be a patient at Ascension and not to be discharged due to false allegations. Id.

The complaint did not have any "hearing office paperwork" attached to it. But on January 5, 2026, the court received from the plaintiff a copy of a document addressed to her; the document does not identify the person or entity who created it. Dkt. No. 6. The document reflects an "Issue Week: 11/24" and a "Week Ending: 03/16/24." Id. It states, among other things, that "[i]t cannot be established that the employer has a policy or that the employee

4

violated it," and concludes "Benefits are allowed with respect to this issue only. Actual payment of benefits will depend on the resolution of another issue." Id.

   C.   Analysis

Federal courts, like this one, have limited jurisdiction. A federal court has jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. This is called "federal question" jurisdiction. Federal courts also have jurisdiction to consider and decide lawsuits between citizens of different states, if the amount in dispute is more than $75,000. 28 U.S.C. §1332. This is called "diversity" jurisdiction.

As the court has explained, the plaintiff marked the box on her complaint stating that she is suing for a violation of federal law. But the facts that the plaintiff has alleged do not reflect a violation of any federal law. The plaintiff alleges that she was fired for allegedly falsifying a form of which she did not have possession and to which she did not have access; she says she was fired "for no reason." It seems unfair to fire someone for no reason, but there is no federal law prohibiting that conduct. There are federal laws that prohibit firing people for discriminatory reasons. Title VII of the Civil Rights Act of 1964 prohibits firing people based on protected characteristics, like race, color, national origin or gender. 42 U.S.C. §2000e-2(a); see also 29 U.S.C. §623(a). The Americans with Disabilities Act prohibits firing workers due to a disability. 42 U.S.C. §12101. The Age Discrimination in Employment Act protects against termination based on old age. 29 U.S.C. §§621–634. But the plaintiff has not alleged that she was fired for discriminatory reasons. She does not allege that she was fired due to her race, color or national origin; the complaint does not identify her race, color or national origin. She has not alleged that she has a disability, or that she was fired because of that disability. The complaint does

5

not state the plaintiff's age and she has not alleged that she was fired due to her age. In fact, she has alleged that she was fired "for no reason." Again, there is no federal law prohibiting a private employer firing someone for no reason. Nor is there a federal law prohibiting a doctor, clinic or hospital from "terminating" someone as a patient.

The plaintiff did not mark the box saying that she was suing a citizen of another state for a violation of state law. Even if she had marked that box, however, it is not clear what state law she believes her employer violated. And she has not asked for money damages in excess of the federal jurisdictional amount of $75,000; she has not asked for money damages at all.

Because the plaintiff has not alleged a violation of a federal law or constitutional provision and has not alleged sufficient facts to establish diversity jurisdiction, this federal court does not have jurisdiction over the plaintiff's claims that she was fired for no reason or that she was terminated from her medical provider's practice.

Although courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). It would be futile to allow the plaintiff to file an amended complaint because her situation is not appropriate for federal court.

Because the court is dismissing the plaintiff's case, it will deny as moot her motion to appoint counsel.

### III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the case is **DISMISSED** for failure to state a claim. Dkt. No. 1. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 3.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, she should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, she must file a motion *in this court*. See Fed. R. App. P. 24(a)(1).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

7

Case 2:25-cv-01927-PP   Filed 01/13/26   Page 7 of 8   Document 7

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of January, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**