HENAN ZAAL,

        Plaintiff,

                              Case No. 25-cv-1927-pp

  v.

LAB CORP OF AMERICA HOLDINGS,

        Defendant.

---

**ORDER DENYING PLANTIFF'S MOTION TO REOPEN (DKT. NO. 13),
DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT
PREPAYING DISTRICT COURT FILING FEE (DKT. NO. 14), STRIKING
UNAUTHORIZED PROPOSED AMENDED COMPLAINT (DKT. NO. 15) AND
GRANTING MOTION TO PROCEED ON APPEAL WITHOUT PREPAYING
APPELLATE FILING FEE (DKT. NO. 16)**

---

In 2025, the plaintiff—representing herself—filed two lawsuits in this federal court.

On August 18, 2025, she filed the complaint in <u>Zaal v. MATC Judicial Affairs Office, *et al.*</u>, Case No. 25-cv-1241. The court screened that complaint, found that it did not state a claim for which a federal court may grant relief and gave the plaintiff a deadline of February 27, 2026 by which to file an amended complaint. <u>Id.</u> at Dkt. No. 11. On February 9, 2026, the clerk's office received from the plaintiff a document stating the following:

> Henan Zaal Good morning, I am requesting an appeal for ~~case# 25-cv 1241 pp and~~ 25-cv-1927-pp. [The words "I had fallen" are scribbled out.] and <u>also an extension</u> due to a broken foot. I am also requesting a free lawyer for both cases. I am also requesting an extension for Case# 25-cv-1241-PP.

<u>Id.</u> at Dkt. No. 12. The clerk's office docketed this document as a motion for an extension of time (presumably, an extension of the court's February 28, 2026

1

deadline for filing an amended complaint) and a motion for counsel to be appointed. On February 17, 2026, the court issued a text-only order, granting the plaintiff's request to extend the deadline for filing her amended complaint (until March 20, 2026) and advising her that it would address her motion to appoint counsel in a separate order. Id. at Dkt. No. 13.

On December 8, 2025, the plaintiff filed a second complaint, Zaal v. Lab Corp of America Holdings, Case No. 25-cv-1927. Dkt. No. 1. That is the complaint in this case. In case No. 25-cv-1927, the plaintiff alleged that the defendant had fired her for falsifying a form of which she did not have possession and to which she did not have access, and that she was fired "for no reason." Dkt. No. 1 at 2–3. In a January 13, 2026 order, the court explained that these allegations did not establish that the defendant had violated a federal law. Dkt. No. 7 at 5. It also explained that the plaintiff had not identified a state law violation or sought damages sufficient to establish the jurisdictional amount required by the diversity statute. Id. at 6. In the January 13, 2025 order dismissing Case No. 25-cv-1927, the court did *not* give the plaintiff the opportunity to amend her complaint, finding that amendment would be futile. Id.

On February 9, 2026—about a month after the court dismissed Case No. 25-cv-1927—the court received from the plaintiff the document it described above:

> Henan Zaal Good morning, I am requesting an appeal for ~~case# 25-cv-1241-pp and~~ 25-cv-1927-pp. [The words "I had fallen" are scribbled out.] and also an extension due to a broken foot. I am also requesting a free lawyer for both cases. I am also requesting an extension for Case# 25-cv-1241-PP.

Dkt. No. 9. Because this document referenced both Case No. 25-cv-1241 and this case (Case No. 25-cv-1927), the clerk's office docketed the document in

2

both cases, but in Case No. 25-cv-1927 the clerk's office docketed the document as a notice of appeal from the court's January 13, 2026 order of dismissal. The clerk's office then transmitted the notice of appeal and the docket sheet to the Seventh Circuit Court of Appeals. Dkt. No. 10. On February 10, 2026, the clerk's office for the Seventh Circuit Court of Appeals docketed the plaintiff's appeal and assigned appeal number 26-1270. Dkt. No. 12.

About a week later, on February 17, 2026, this court received from the plaintiff several documents: a letter asking to reopen Case No. 25-cv-1927-pp (which actually appears to be a motion for an extension of time to file something), dkt. no. 13; a motion for leave to proceed in the district court without prepaying the filing fee, dkt. no. 14; a proposed amended complaint, dkt. no. 15 (and attached exhibits, dkt. no. 15-1); an Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis, dkt. no. 16; and a statement detailing the plaintiff's claims, with exhibits, dkt. nos. 17, 17-1.

## I.      Motion to Reopen Case (Dkt. No. 13)

The first document the court received from the plaintiff on February 17, 2026 contains a single paragraph:

> I want to re-open my case number 25-cv-1927-pp for the United States District Court Eastern District of Wisconsin, which states I have one opportunity to appeal. I made a mistake clear error of law or fact. I sent am appeal request to reopen my case 25-cv-1927-pp on 02/09/26 requesting to reopen my case. I have had a broken leg, and still do an injury that made it difficult for me and was wondering as I stated before on 02/09/26 if I may extend the deadline because of my most recent fall and broken leg and heart issues I faced that made it difficult for me I faced under the Federal Rule of Civil Procedure 59 (e) and I am asking for relief from judgement under Motion for Extension of Time and for Relief from Judgement under Rule 60 (b) (1) or possibly excusable neglect. Plaintiff respectfully requests an extension of time pursuant to Rule 6(b). Plaintiff suffered a broken leg on 01/21/26, which substantially limited mobility and access to legal materials. Due to this medical emergency, Plaintiff was unable to timely file the required document

3

> Plaintiff acted diligently upon regaining mobility and respectfully requests an extension in the interest of justice.

Dkt. No. 13 (as in original).

It appears that the plaintiff believes that she missed a deadline and that she is asking this court to reopen her case so that she can do whatever it was she was supposed to do by that deadline. Although the plaintiff does not describe the deadline she believes she missed, the court suspects that she is referring to a deadline mentioned in the letter sent by the clerk's office of this court on February 10, 2026. Dkt. No. 11. On that date—the day after the clerk's office received the plaintiff's notice of appeal—the clerk's office sent the plaintiff a letter advising her that her appeal had been received and providing her with a copy of her docket sheet. Id. at 1. The letter advised the plaintiff that she must "review the enclosed docket sheet within 21 days of filing the notice of appeal to ensure that the record is complete." Id. The letter also advised the plaintiff that she owed a $605 appellate filing fee; it told her that if she could not pay the filing fee, she needed to complete and submit the enclosed Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis within twenty-one days of the date of the letter. Id. Twenty-one days from February 10, 2026 was March 3, 2026, so the plaintiff needed to review the docket sheet and file her Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis by March 3, 2026.

If the court is correct that the plaintiff is asking to reopen Case No. 25-cv-1927 because she believes she missed the deadline to review her docket sheet and to file her Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, her motion is unnecessary. The clerk's letter advising her to review her docket sheet within twenty-one days did not require her to file anything; it was a courtesy notice advising her of which documents the district

4

court clerk's office would be transmitting to the appellate court (and giving her the opportunity to let the clerk's office know if she thought anything was missing). And the court received the plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis on February 17, 2026—well before March 3, 2026.

If the court has misunderstood the plaintiff's filing and she is asking the court to reopen Case No. 25-cv-1927 for some other reason, she has not identified a proper basis for the court to do so. The reason the court dismissed the plaintiff's case is because it concluded that her complaint failed to state a claim. She has appealed that ruling. There is no reason for this district court to reopen her case when she has asked the court of appeals to review this court's decision.

Sometimes when the district court dismisses a case, the plaintiff will ask the district court to reconsider that decision. Although the Federal Rules of Civil Procedure do not specifically provide for motions to reconsider, there are two rules that allow a court—under certain circumstances—to review and reconsider its decision. The plaintiff cites those two rules: Federal Rules of Civil Procedure 59(e) and 60(b).[1]

A.      Rule 60(b)

Generally, district courts lack jurisdiction over a case once it has been appealed. Hughes v. Farris, 809 F.3d 330, 333 (7th Cir. 2015) (citing Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir.

---

[1] The plaintiff also cited Fed. R. Civil P. 6(b), which generally allows courts to extend deadlines "[w]hen an act may or must be done within a specified time." As the court has said, the plaintiff has not identified the deadline she believes she missed, so the court cannot determine whether the act she thinks she did not timely perform was one that must be performed within a specified time.

5

2008)). There is an exception to this general rule: if a party files a motion under Rule 60(b) while an appeal is pending, the district court may rule on that motion, because such a ruling "creates no risk of overlapping decisions." Ameritech, 543 F.3d at 418. A district court's ruling on a Rule 60(b) motion will "expedite the resolution of a pending appeal," because the district court's decision either will demonstrate that the district court "has no desire to amend its ruling" or will result in the district court reversing its earlier position, mooting the appeal. Id.

"Rule 60(b) of the Federal Rules of Civil Procedure permits 'a party to seek relief from a final judgment, and request reopening of [her] case, under a limited set of circumstances.'" Kemp v. United States, 596 U.S. 528, 533 (2022) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Karraker v. Rent–A–Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005) (quotation omitted). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Excusable neglect under Rule 60(b)(1) covers unintentional omissions, such as missed filing deadlines. Edwards-Brown v. Crete-Monee 201-U Sch. Dist., 491 F. App'x 744, 747 (7th Cir. 2012).

But as the court has explained, it does not appear that the plaintiff has missed any deadlines such that she has engaged in excusable neglect. Her appeal appears to have been timely; she filed her request to appeal within thirty days of the final judgment. See Fed. R. App. P. 4(a); Dkt. Nos. 8, 9. The court of appeals has assigned her appeal a case number: No. 26-1270. Dkt. No. 12. And as the court has explained, the court received the plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis within

6

twenty-one days of the clerk's February 10, 2026 letter. Dkt. Nos. 11, 16. The plaintiff has not missed any deadline that the court can identify, so there is no mistake, inadvertence or excusable neglect. There is no reason for the court to reopen the plaintiff's case under Rule 60(b)(1).

The remaining provisions of Rule 60(b) do not apply. The plaintiff has not identified any newly discovered evidence (Rule 60(b)(2)); she has not identified any fraud, misrepresentation or misconduct by the opposing party—in fact, the opposing party has not yet appeared (Rule 60(b)(3)); she has not identified a void judgment (Rule 60(b)(4)) or a satisfied or released judgment (Rule 60(b)(5)); and she has not identified any other reason that justifies relief (Rule 60(b)(6)).

Rule 60(b) provides no basis for the court to reopen the plaintiff's case.

B.      Rule 59(e)

The other rule the plaintiff cites is Fed. R. Civ. P. 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the [plaintiff] can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court cannot extend that deadline. Fed. R. Civ. 6(b)(2). The court entered judgment on January 13, 2025. Dkt. No. 8. That means that for the plaintiff to seek relief under Rule 59(e), she needed to file her motion by February 10, 2026. The court did not receive her motion until a week later, on February 17, 2026. Dkt. No. 13. The court cannot grant the plaintiff's motion to reopen the case under Rule 59(e).

7

## C. Conclusion

Because it appears to be unnecessary, and because the plaintiff is not entitled to relief under Rule 60(b) or Rule 59(e), the court will deny the plaintiff's motion to reopen. Dkt. No. 13.

## II. Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. No. 14)

The court also received from the plaintiff a form titled "Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee." Dkt. No. 14. This is the form that plaintiffs must complete if they want to file a new lawsuit in district court without having to prepay the district-court filing fee. The plaintiff filed this same request in December 2025 when she filed Case No. 25-cv-1927, dkt. no. 2, and the court granted it, dkt. no. 7. The court suspects that perhaps the plaintiff filed this form a second time because she believed that a filing fee would be required if the court granted her request to reopen her case. Parties seeking to reopen already-filed cases are not required to pay a filing fee. This motion was unnecessary and the court will deny it.

## III. Proposed Amended Complaint (Dkt. No. 15) and Other Documents (Dkt. Nos. 17, 17-1)

The court received from the plaintiff a proposed amended complaint on the court's amended complaint form. Dkt. No. 15. This proposed pleading adds as a defendant Laura Dehoyos. Id. at 1. But pages 3 and 4 of the document, which provide space for the plaintiff to describe the "who, what, when, where and how" of her claims, are blank other than the statement, "Please see attachment with this documentation." Id. at 2. The court suspects that the documents that the clerk's office docketed at Dkt. Nos. 17 and 17-1—a written explanation of the plaintiff's claims and some exhibits—are the "attachment"

8

that the plaintiff referenced. The court will direct the clerk's office to attach those documents to the proposed amended complaint at Dkt. No. 15.

But the court will not screen or otherwise act on the proposed amended complaint, and will strike it. First, the court already has advised the plaintiff that it would not allow her to amend the complaint in this case. At the end of its January 13, 2026 order dismissing the case, the court stated that "[i]t would be futile to allow the plaintiff to file an amended complaint because her situation is not appropriate for federal court." Dkt. No. 7 at 6. Second, the plaintiff did not ask the court's permission to file the amended complaint. The court's local rules require that a party wishing to amend a complaint must file a motion for leave (permission) to amend the complaint and must attach the proposed amended complaint to that motion. Civil Local Rule 7(b) (E.D. Wis.). The plaintiff did not follow that rule. Finally, the local rule requires that the motion for leave to amend must "state specifically what changes are sought by the proposed amendments." Id. The plaintiff did not explain the differences between her original complaint and her proposed amended complaint. The court will strike the plaintiff's proposed amended complaint because the court did not give her permission to file it, she did not ask for permission to file it and it does not comply with the court's local rules.

## IV. Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (Dkt. No. 16)

The Federal Rules of Appellate Procedure allow a party in a district court case who wants to appeal without prepaying the appellate filing fee to file a motion along with an affidavit that (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). "An appeal may not be taken [without prepaying the filing fee] if the trial court

certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). An appeal is not taken in good faith if no reasonable person could suppose it has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court granted the plaintiff's motion for leave to proceed without prepaying the filing fee in this district court. Dkt. No. 7. In that motion, the plaintiff averred that she had no assets, and that her only income was $715 she received each month for rent assistance. Dkt. No. 2 at 1–2. The plaintiff makes the same representations in her motion to proceed without prepaying the appellate filing fee. Dkt. No. 16. The court finds that the plaintiff does not have the ability to pay the appellate filing fee.

The court also must consider the claims for which the plaintiff argues she is entitled to appellate relief. The plaintiff writes that her issues on appeal are: "on the attached on this documents. My compliant is that I was wrongfully terminated for discriminatory reasons (Title VII of the Civil Rights of 1964 based on national origin and FMLA Interference and Retaliation Claim. This action arises under the Family and Medical Leave Act 29 U.S.C. §2601 et seq." Id. at 1 (as in original). But these are not the claims the plaintiff asserted in her original, December 8, 2025 lawsuit—the complaint that the court dismissed (Dkt. No. 1). The plaintiff appears to be describing the allegations she made in the unauthorized proposed amended complaint that the court now has ordered stricken—an entirely new complaint that contains allegations of national origin discrimination and FLMA retaliation that did not appear in her original complaint. Dkt. Nos. 15, 17. That said, the court cannot conclude that she has not met the low bar of "good faith." The court will allow the plaintiff to appeal without prepaying the appellate filing fee.

The plaintiff should be aware that although 28 U.S.C. §1915(a)(1) allows the court to authorize a plaintiff to proceed on appeal without *prepaying* the filing fee, it does *not* authorize the plaintiff to proceed "without *ever* paying fees." Rosas v. Roman Catholic Archdiocese of Chi., 748 Fed. App'x 64, 65 (7th Cir. 2019) (citing Robbins v. Switzer, 104 F.3d 895, 897-98 (7th Cir. 1997)). The plaintiff must pay the appellate filing fee over time, as she is able.

## V.      Conclusion

The court **DENIES** the plaintiff's motion to reopen her case. Dkt. No. 13.

The court **DENIES AS UNNECESSARY** the plaintiff's motion for leave to proceed without prepayment of the filing fee in the district court. Dkt. No. 14.

The court **DIRECTS** the clerk's office to re-docket the documents at Dkt. Nos. 17 and 17-1 as attachments to the proposed amended complaint at Dkt. No. 15.

The court **STRIKES** the plaintiff's unauthorized proposed amended complaint. Dkt. No. 15.

The court **GRANTS** the plaintiff's motion to proceed on appeal without prepaying the appellate filing fee. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 16th day of March, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**